UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Todd, *et al.*,

    Plaintiffs,

    v.                                                Case No. 1:03cv171

Weltman Weinberg & Reis Co., LPA, *et al.*,    Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendants Asset Acceptance Corporation and Mark N. Wiseman's Motion for Summary Judgment,[1] Plaintiff Robert Todd's Motion for Summary Judgment (Doc. 133), Defendant Weltman, Weinberg & Reis Co., LPA's Motion for Summary Judgment (Doc. 134), and Plaintiff Helen Williams' Motion for Summary Judgment (Doc. 145).

Also pending before the Court is Plaintiff Helen Williams' Motion to Certify Class as to Defendant Wiseman Only (Doc. 24); Plaintiff Robert Todd's Motion to Certify Class as to Defendant Weltman, Weinberg & Reis Only (Doc. 25); and Plaintiff Robert Todd's Motion to Narrow Class Definition (Doc. 130).

The above Motions are fully briefed and ripe for review.

**I.    BACKGROUND**

Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act

---

[1] This Motion was filed in Case No. 1:04cv176 before that case was consolidated with this case, Case No. 1:03cv171. While the Motion was not transferred to the docket for 1:03cv171, Plaintiffs' Response and Defendants' Reply were filed in Case No. 1:03cv171.

("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. Plaintiffs' claims are based upon affidavits signed by attorneys pursuant to Ohio's garnishment statutes. The affidavits, which are nearly identical, state:

> The undersigned being first duly cautioned and sworn, or affirmed according to law, says that I am attorney/judgment creditor herein who heretofore recovered, or certified, a judgment in this court against the judgment debtor named above, that I have good reason to believe and do believe that the garnishee named in section (A) below has property other than personal earnings owing by them to said judgment debtor that is not exempt under the laws of the State of Ohio and the United States, such property being described as follows . . .

(Doc. 17, Wiseman Aff., Ex. 1) At the time these affidavits were executed, section 2716.11 of the Ohio Revised Code provided for the commencement of non-wage garnishment proceedings as follows:

> A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:
>
> (A) The name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish;
>
> (B) That the affiant has good reason to believe and does believe that the person named in the affidavit as the garnishee has property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States; [and]
>
> (C) A description of the property.[2]

Under both Ohio and federal statutes, social security benefits are exempt from attachment by creditors. Ohio Rev. Code § 2329.66(A)(10)(b); 42 U.S.C. § 407.

---

[2] The current version of section 2716.11(B) has been to revised to read: "That the affiant *has a reasonable basis to believe* that the person named in the affidavit as the garnishee may have property other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States . . ."

A. **Plaintiff Williams**

Plaintiff Helen Williams has been diagnosed with schizophrenia, and her sole source of income is Social Security benefits. Angela McCowan, who is named as next of friend in this action, assists Williams in managing her affairs. (Doc. 95, Williams Depo. at 10-13, 19-23)

On October 18, 2002, Defendant Asset Acceptance Corporation, obtained a judgment against Williams in the amount of $4,899.57, plus interest in the amount of $1,582.57. (Doc. 146, Ex. A) In December of 2002, Asset Acceptance sought an order of garnishment from the Hamilton County Municipal Court. (Id., Ex. B) The municipal court issued the order, and Williams' bank account at Provident Bank was garnished. (Id.) Williams did not contest the garnishment, or request a hearing on the garnishment. (Williams Depo. 20-21)

In February of 2003, Asset Acceptance again sought to garnish Williams' account. Defendant Mark Wiseman signed an affidavit to obtain a garnishment order. (Doc. 146, Ex. B) At the time he signed the affidavit, Wiseman had the following information: (1) Williams' bank account had been successfully garnished in December of 2002; (2) Williams did not protest the December of 2002 garnishment; (3) Williams spoke with Asset Acceptance representatives in at least ten different telephone conversations and did not indicate that she was receiving some form of "exempt" income; (4) the notes of those conversations indicate that Williams hung-up on Asset Acceptance representatives during each of the ten telephone calls; (5) in April and July of 2002, Williams made voluntary payments on her account; (6) Williams was only 54 years old in February of 2003. (Doc. 146, Ex. E, Wiseman Aff. ¶ 5) In Wiseman's experience, Williams' age coupled with the

fact that she did not object to the December of 2002 garnishment was an indicator that she was not receiving some form of "exempt" income such as Supplemental Social Security Income. (Id., at ¶ 7) Also, in Wiseman's experience, the fact that the notes of Williams' telephone conversations did not mention that she was receiving some form of "exempt" income, indicated that she was not receiving some form of exempt income. (Id., at ¶ 8) However, as Wiseman has testified, when he signed the garnishment affidavit, "it was in reliance on the lack of information from all the collection efforts that Asset had done in the file that would have indicated to me that she did or did not have exempt funds in Provident Bank." (Doc. 38, Mark Wiseman Depo. at 54-55)

Williams' account was again garnished, and Williams did not contest the garnishment or request a hearing. (Doc. 146, Exs. B, C)

### B.    Plaintiff Todd

In 1992, Plaintiff Robert Todd purchased furniture from Value City and financed a portion of the purchase through a loan. (Doc. 17, ¶ 23) When Todd defaulted on the loan, Defendant Weltman Weinberg & Reis Company ("Weltman") filed an action in the Hamilton County, Ohio Municipal Court to recover on the loan. (Doc. 134, Ex. G) On September 11, 2002, the court entered judgment against Todd. (Id.)

After obtaining judgment, it was Weltman's practice to contact the debtor by letter and telephone. (Doc. 134, Ex. E, Rohner Decl., ¶ 7) It is Weltman's practice to ask the debtor about his or her income and assets, and how he or she intends to satisfy the judgment. (Id.) Weltman also researches public records. (Id.)

On October 24, 2002, Todd told Weltman that he could not pay the judgment because he was "on disability." (Rohner Decl., ¶ 8) In a telephone conversation, Weltman

requested that Todd send documents to demonstrate that he was receiving disability payments. (Id.) Todd called back later that day and demanded that Weltman not contact him again. (Id., ¶ 9) Todd did not send Weltman any documentation showing that his sole source of income was Supplemental Security Income. (Todd Depo. at 116-17)

Weltman maintained an electronic file containing information about the debt owed by Todd and notes regarding its communications with Todd. (Rohner Decl., ¶ 5, Ex. 2) On January 23, 2003, Nicholas Rohner, an attorney employed by Weltman, began preparing a garnishment affidavit. (Rohner Depo. at 121) Rohner reviewed the electronic notes for anything that would suggest that Todd was receiving income from exempt sources and for any indication that a payment arrangement had been made since the entry of judgment. (Rohner Depo. at 121-123; Rohner Decl., ¶6 and Rohner Ex. 2) In addition to reviewing the electronic notes, Rohner reviewed a summary screen that contained an "employment" field, generally used to record sources of income. (Rohner Depo. at 85; Rohner Decl., ¶10 and Rohner Ex. 3) If a judgment debtor, such as Todd, claimed that he was receiving an exempt source of income, then Weltman would request that the debtor send documentation demonstrating the exempt source of income and, if documentation was received, Weltman would record that information in the employment field. (Rohner Decl., ¶10; Riffle Decl., ¶9) Rohner explained that these supporting documents are necessary because in his experience, (1) debtors often claim (but cannot substantiate) that they are receiving exempt funds to avoid payment of debts owed; and (2) in Ohio, at garnishment hearings, courts routinely require the debtor to provide documents to prove that the funds sought to be garnished are from exempt sources. (Rohner Decl., ¶11)

When reviewing a file, Rohner begins with the presumption that there are non-

exempt funds in a bank account. (Rohner Depo. at 57-62, 64) Rohner signs the garnishment affidavit unless the file indicates a recent bankruptcy filing, a payment arrangement already in place, a wage garnishment already taking place, or a note that the creditor wanted Weltman to stop the collection process. (Id. at 76-78, 110-11) Rohner noted that there was some telephone correspondence in which Todd informed one of Weltman's legal assistants that he was disabled, but since there was no documentation to support that statement, there was nothing in the file to overcome Rohner's presumption that there were non-exempt funds in Todd's bank account. (Id. at 95-96)

Based upon his review of Todd's file, Rohner signed an affidavit in aid of execution to garnish Todd's bank account at Fifth Third Bank. (Rohner Depo. 118, 122-123, Ex. 4) Rohner did not intend to garnish exempt funds. (Rohner Dec., ¶ 24) On January 28, 2003, the affidavit was filed in the Hamilton County Municipal Court. (Rohner Dec., ¶17; Ex. 4) The court found that the affidavit was satisfactory under Ohio law.[3]

On February 12, 2003, Todd filed a request for a garnishment hearing. (Doc. 134, Ex. C, Response No. 11; Rohner Decl., ¶ 19; Ex. G) On February 20, 2003, Todd appeared at hearing and claimed that the funds were exempt. (Rohner Decl., ¶ 20, Ex. 2) On February 28, 2003, Todd and Rohner appeared for a second hearing. (Rohner Decl., ¶ 21, Ex. 2) At the hearing, Todd produced documents showing that as of January 17,

---

[3]The court's order states:

> The judgment creditor in the above case has filed an affidavit satisfactory to this court, stating that you have money, property, or credits other than personal earnings, in your hands or under your control that belong to the judgment debtor and that some of the money, property, or credits may not be exempt from garnishment under the laws of Ohio or the United States.

(Doc. 17 Ex. A)

2003 the funds in the Fifth Third Bank account were made up of short term disability payments for Todd's wife and social security payments for Todd's two children. (Id., ¶21, Ex. 5) However, none of the documents showed any disability or SSI payments for Todd himself. (Id.) In accordance with Ohio law, the Fifth Third Bank funds were released. (Doc. 17, ¶ 30; Ex. C) None of Todd's funds were garnished, and the judgment remains unpaid. (Rohner Decl., ¶¶ 22, 23)

## II.  ANALYSIS

### A.  Motion for Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

### B.  Fair Debt Collection Practices Act

Plaintiffs' claims are brought pursuant to sections 1692e and 1692f of the Fair Debt Collections Practices Act. Specifically, Plaintiffs claim that the affidavits executed by

Defendants in the garnishment proceedings were a "false, deceptive, or misleading representation" within the meaning of § 1692e; an "unfair or unconscionable means to collect or attempt to collect any debt" within the meaning of § 1692f; and constituted "the use of any false representation or deceptive means to collect or attempt to collect any debt" within the meaning of § 1692e(10).

Defendants Asset Acceptance and Wiseman claim that they are entitled to summary judgment because (1) there is no evidence that Wiseman's testimony was false; (2) Williams' claims are barred by the absolute witness immunity doctrine; (3) Williams' claims are barred by *res judicata*; (4) Williams' claims are barred by the *Rooker-Feldman* doctrine; and (5) Williams has not shown that the garnishment affidavit violates the FDCPA.

Defendant Weltman claims that it is entitled to summary judgment because (1) Todd's claims are barred by *res judicata*; (2) the garnishment affidavit does not violate the FDCPA because Rohner had "good reason to believe" that "some" of the funds in Todd's account "may not be exempt;" and (3) the bona fide error defense precludes liability.

    **1.**    ***Rooker-Feldman* doctrine**

Defendants Asset Acceptance and Wiseman argue that Williams' claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As the Supreme Court has explained: "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be

empowered to adjudicate under a congressional grant of authority, *e.g.*, § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). In both *Rooker* and *Feldman*, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.*

Following the filing of Defendants' Motion for Summary Judgment, the Sixth Circuit held that the *Rooker-Feldman* doctrine does not preclude this Court's jurisdiction over a FDCPA claim. *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 437 (6th Cir. 2006).[4] The court explained that the complained of injury stemmed from the filing of a false affidavit, not from the state court judgment. *Id.* Accordingly, the Court finds that Williams' claims are not barred by the *Rooker-Feldman* doctrine.

### 2. Absolute witness immunity doctrine

Defendants Asset Acceptance and Wiseman argue that Wiseman's affidavit constitutes testimony, and as such, he is entitled to absolute immunity.

Following the filing of Defendants' Motion for Summary Judgment, the Sixth Circuit held that executing a garnishment affidavit did not fall within the protections of the absolute witness immunity doctrine. *Todd*, 434 F.3d at 446-47. Therefore, the Court finds that Wiseman is not entitled to absolute immunity.

---

[4]Before consolidation of theses cases, Defendant Weltman appealed this Court's decision denying its motion for judgment on the pleadings. The sole issue on appeal was this Court's collateral order denying Defendant absolute immunity. *Todd*, 434 F.3d at 433. However, the Sixth Circuit explained that it had an independent obligation to determine whether it had subject matter jurisdiction, and therefore addressed the applicability of the *Rooker-Feldman* doctrine to this case. *Id.* at 435.

### 3. *Res judicata*

"When deciding whether to afford preclusive effect to a state court judgment, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment." *Stemler v. Florence*, 350 F.3d 578, 586 (6th Cir. 2003), *citing*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Supreme Court has explained that:

> the preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "*res judicata*." *Res Judicata* is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra*, 465 U.S. at 77 n.1.

"[W]hen asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997), *citing Migra*, 465 U.S. at 81. Under Ohio law, issue preclusion applies when a fact or issue: "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 637 N.E.2d 917, 923 (1994). Claim

preclusion applies when there is "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood*, 127 F.3d at 493.

Asset Acceptance and Wiseman argue that Williams' claims are barred because she had an opportunity in the state court to raise the issues of the truth and sufficiency of the garnishment affidavit and whether the funds garnished were exempt. Similarly, Weltman argues that Todd could have challenged the affidavit by filing a motion for sanctions in the state court. Weltman also argues that the state court has determined that the affidavit was satisfactory under Ohio law.

In ruling upon Defendants' earlier motions for judgment on the pleadings, this Court found that Todd's claims were not barred by claim or issue preclusion. *Todd v. Weltman, Weinberg & Reis, Co., LPA*, 348 F.Supp.2d 903, 912 (S.D. Ohio 2004). This Court found that it was unable to conclude that the state court actually and necessarily decided that averments that Defendants made in the affidavits were factually true when they found that the affidavits were "satisfactory to this court" and issued orders of garnishment. *Id.*[5] This Court reviewed the state court records before it and the state statutory provisions establishing garnishment proceedings, and found no indication that the Municipal Court judges make any determination as to the factual accuracy of an affidavit submitted

---

[5]The Sixth Circuit did not reach this issue on appeal because it was beyond the required jurisdictional determination, and the sole issue on appeal was this Court's denial of absolute immunity. *Todd*, 434 F.3d at 432.

pursuant to Ohio Revised Code section 2716.11. *Id.* at 910. Instead, as this Court explained, a section 2716.13(B) order "involve[s] only a preliminary determination not going to the merits of whether the property was subject to garnishment." *Id.*, *quoting Fifth Third Bank of Columbus, Inc. v. Bowman*, 1990 WL 12379, *3 (Ohio Ct. App. Feb. 13, 1900) (unpublished). Accordingly, this Court finds that Plaintiffs are not precluded by issue preclusion from litigating the issue of whether the affidavit was factually accurate.

Defendants also argue that claim preclusion bars Plaintiffs' FDCPA claims, which were or could have been litigated in the state court action. This Court has previously found that a plaintiff's FDCPA claim and an underlying debt collection case did not arise out of a common nucleus of operative facts. *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 797 (S.D.Ohio 2006). As this Court explained, the underlying debt collection case addressed the plaintiff's alleged liability to repay certain debts. *Id.* In contrast, a FDCPA claim addresses the allegedly unlawful misrepresentations the defendant made during the process of collecting such debts. *Id.*

Here, Plaintiffs are not challenging the amounts they owe to their creditors, but instead challenge the practices Defendants employed when they attempted to collect those debts. As such, Plaintiffs' FDCPA claims arise out of a different set of operative facts than did the underlying state court cases. Accordingly, this Court finds that Plaintiffs are not precluded from litigating their FDCPA claims.

### 4. **Violation of the FDCPA**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). In determining whether any particular conduct violates the FDCPA, courts apply an objective

test based on the least sophisticated consumer. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).

Defendants Asset Acceptance and Wiseman argue the garnishment affidavit does not violate the FDCPA because the FDCPA does not apply to documents filed in civil actions. This Court has held that a representation made in a legal pleading is actionable under the FDCPA. *Lee v. Javitch, Block & Rathbone, LLP*, 522 F.Supp.2d 945, 954 (S.D.Ohio 2007), *citing Evory v. RJM Accruisitions Funding LLC*, 505 F.3d 769, 772-73 (7th Cir. 2007). This Court explained that "[p]ost-judgment attachment activities are not exempt from FDCPA's coverage simply because the creditor's initial 'communication' in the form of the affidavit must be directed to the state court." *Id.* Therefore, the FDCPA is applicable to the garnishment affidavits filed in state court.

Defendants Asset Acceptance and Wiseman next argue that the initiation of garnishment proceedings against a person who only has exempt assets in his or her account does not violate the FDCPA. Defendants, citing *Wilson v. Business and Professional Credit Management*, 1986 U.S. Dist. LEXIS 31002 (D. Neb. Aug. 26, 1986) (unreported), argue that even where a debt collector has no reason to believe that there were non-exempt funds in the account, there is no violation of the FDCPA. However, the Court notes that Williams' claim is not based upon the garnishment of her account, but upon the affidavit filed in the garnishment proceedings. *See Jordan v. Thomas & Thomas*, 2007 WL 2838474, *8 (S.D.Ohio Sept. 26, 2007) (unpublished) (rejecting applicability of *Wilson* and those cases where there is no allegation that the debt collector signed a false affidavit).

Defendants Asset Acceptance and Wiseman also argue that section 1692f does not

apply to Williams' claim because she does not claim that Defendants sought to collect inappropriate interest, fees or charges in the garnishment proceeding. Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f also provides a list of conduct which violates the section, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). However, the listed conduct is a non-exclusive list, and is not meant to limit the general application of the prohibition of "unfair or unconscionable means to collect or attempt to collect any debt." Therefore, section 1692f is applicable to Williams' claim.

Defendants Asset Acceptance and Wiseman also argue that section 1692e does not apply to Williams' claims because she does not allege that someone was actually misled by a misleading representation. However, Defendants do not cite to any language in the statute or in the applicable caselaw which would establish such a requirement. The statue merely prohibits the *use* of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Therefore, section 1692e is applicable to Williams' claim.

Defendant Weltman argues that the garnishment affidavit signed by Rohner does not violate the FDCPA because Rohner had "good reason to believe" that "some" of the funds in Todd's account "may not be exempt," which is all that is required by Ohio law. Similarly, Defendants Asset Acceptance and Wiseman argue that under Ohio law, it was Williams' burden to demonstrate that the garnished funds were exempt.

This Court has recognized that under Ohio law, the debtor has the burden of proof

to establish that garnished funds are exempt. *Lee*, 522 F.Supp.2d at 954, *citing Ashtabula County Medical Center v. Douglass*, 1988 WL 59836 (Ohio Ct. App. June 3, 1988) (unpublished). However, this Court has also recognized that the burden of proof post-garnishment does not give rise to a pre-garnishment legal presumption that the debtor may have non-exempt funds. *Id.* Instead, by requiring a judgment creditor to file an affidavit, swearing under oath that he or she "has reason to believe" that the debtor's account contains non-exempt funds, former section 2716.11 places at least some initial burden on the creditor to investigate the nature of the funds in the debtor's account. *Jordan*, 2007 WL 2838474, at *9.

Defendant Weltman also argues that the bona fide error defense precludes liability. The FDCPA contains an affirmative defense which absolves a debt collector of liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C § 1692k(c). Weltman argues that because Rohner's actions were unintentional, and exempt funds were garnished despite procedures designed to prevent the occurrence, it is entitled to the affirmative defense. However, the Court finds that there are genuine issues of material fact as to whether Weltman's procedures were "reasonably adapted" to avoid garnishing exempt funds. *Accord Lee*, 522 F.Supp.2d at 956.

Finally, the Court turns to Plaintiffs' argument that they are entitled to summary judgment on the issue of liability because Wiseman and Rohner made false, deceptive, or misleading representations under oath that they had good reason to believe that Plaintiffs' bank accounts contained non-exempt funds when they had undertaken no investigation

of the contents of the account. This Court has found that a similar affidavit, standing alone and without regard to the circumstances of any individual debtor, does not violated the Act as a matter of law. *Lee*, 522 F.Supp.2d at 954-55. Instead, the Court finds that there are genuine issues of material fact as to whether the affidavits violate the FDCPA. *Accord Jordan*, 2007 WL 2838474, at*12 ("In addition to the questions of fact that exist regarding the level of investigation Defendants performed, the Court further finds reason to question the bases Defendants set forth for believing Jordan had income other than social security.")

Based on the foregoing, the Court finds that neither Plaintiffs nor Defendants are entitled to summary judgment.

### C. Class certification

Plaintiff Williams seeks to certify the following class:

> All judgment debtors in the State of Ohio with respect to whom Defendant Mark N. Wiseman executed an affidavit of the type attached hereto as Affidavit Exhibit A.

(Doc. 24) Plaintiff Todd seeks to certify the following class:

> All judgment debtors in the State of Ohio with respect to whom Weltman attorney Nicholas K. Rohner, caused to be filed, from March 7, 2002, to the present, an affidavit of the type attached hereto as Affidavit Exhibit A.

(Doc. 130)

The party seeking class certification bears the burden of proof to establish that class certification is appropriate. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Under Rule 23, the prerequisites to maintaining a class action are that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These factors are normally referred to as numerosity, commonality, typicality, and adequacy of representation. A class must meet all of these prerequisites plus one of those listed in Federal Rule of Civil Procedure 23(b) to be certified. *Amchem Prods., Inc.*, 521 U.S. 591, 614 (1997); *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).

Plaintiffs are seeking certification pursuant to Rule 23(b)(3), which permits certification where a class suit "may nevertheless be convenient and desirable." *Amchem Products*, 521 U.S. at 615, *quoting* Adv. Comm. Notes. To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Id.*

In a factually similar case, this Court concluded that class certification is not proper. *Lee*, 522 F.Supp.2d at 958. This Court explained that a determination regarding whether the garnishment affidavit violated the FDCPA would depend upon individual circumstances that pertain to that class member. *Id.* This Court explained further:

> It is probable that some affidavits were signed after specific information was obtained by the firm about non-exempt assets. Perhaps some affidavits were signed in reliance on information obtained by the firm that turned out to be erroneous, and later successfully challenged by the debtor in state court. It is also conceivable that affidavits were executed in cases where information about a debtor's exempt status was missed or overlooked, or even ignored.

*Id.* Accordingly, this Court finds that class certification is not appropriate in this case.

III.    **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants Asset Acceptance Corporation and Mark N. Wiseman's Motion for Summary Judgment is **DENIED**;

2. Plaintiff Robert Todd's Motion for Summary Judgment (Doc. 133) is **DENIED**;

3. Defendant Weltman, Weinberg & Reis Co., LPA's Motion for Summary Judgment (Doc. 134) is **DENIED**;

4. Plaintiff Helen Williams Motion for Summary Judgment (Doc. 145) is **DENIED**;

5. Plaintiff Helen Williams' Motion to Certify Class as to Defendant Wiseman Only (Doc. 24) is **DENIED**;

6. Plaintiff Robert Todd's Motion to Certify Class as to Defendant Weltman, Weiberg & Reis Only (Doc. 25) is **DENIED**; and

7. Plaintiff Robert Todd's Motion to Narrow Class Definition (Doc. 130) is **DENIED**.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                    Michael R. Barrett, Judge
                                    United States District Court